IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHY REAVES,

    Plaintiff,

v.

SOUTH CAROLINA INSURANCE
RESERVE FUND, ET AL,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00352-LMM-JEM

## ORDER

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Doc. 1.) For the following reasons, Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering *fully and truthfully* all questions posed.[1]

---

[1] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986)); *see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6,

I.  **DISCUSSION**

The Court "may authorize the commencement […] of any suit, action, or proceeding […] without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014)

---

2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

(Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) ([t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v.*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

*Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

Here, it appears that Plaintiff failed to fully and truthfully answer a number of questions in the IFP application. Plaintiff states that her monthly income is $1,306.00, consisting of $425.00 per month from gifts, and $881.00 per month from retirement. (Doc. 1 at 1-2.) Plaintiff further states that she has no assets, no debt, and only 71 cents in a savings account. (*Id.* at 2-3.) She lists only three monthly expenses: $1,200.00 for rent, $100.00 for utilities, and $6.00 for food, totaling $1,306.00. (*Id.* at 4-5.)

The Court seriously doubts the veracity of Plaintiff's responses, particularly that she has only three monthly expenses, she spends only $6.00 per month for food, and she spends $0 on any form of transportation. (*Id.* at 3-4.) It appears that Plaintiff has attempted to manipulate the numbers so that her monthly expenses are equal to the only income she states she receives. But given that she also states she has $0 debt, (*id.* at 4), it appears that she has failed to list all of her income, or to otherwise provide all of the information related to her financial status. The instructions on the application specifically state "[i]f you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number," (*id.* at 1), but Plaintiff provided no additional explanations for her limited responses.

Plaintiff's present application does not provide the Court with sufficient information to determine if Plaintiff is financially eligible for IFP status. Accordingly, the application is **DENIED WITHOUT PREJUDICE**.

## II.   CONCLUSION

For the above reasons, Plaintiff's IFP application, (Doc. 1), is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering *fully and truthfully* all questions posed. Plaintiff is **ADVISED** that failure to do so may result in dismissal of this action.

**SO ORDERED** January 31, 2024.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE